Okay, you may proceed and I'll let you know as you get count close Yeah, if I could have a warning that possibly the three-minute times on I would appreciate that will do So what I was saying your honor is that I believe there's only a few key matters that I want to touch on That are dispositive this in this case. And of course, I'd be happy to respond to any questions that the panel may have so on July 23rd 2018 Both of my clients were faced with a dangerous confrontation with mr. Ward and they were faced with making a split-second decision that deadly force was necessary in light of mr. Warden's conduct Maybe you can help me on this just I think I've gone over the facts a million times and I know that You know The analysis is ultimately going to come down to what or what what what a reasonable officer have thought At the time when the shots were fired, but how do I factor in? That Mr. when I see when it's Mr. Warden, but that seems weird because we always have cases with the warden on habeas cases. So it seems but mr. Warden Obviously there'd been a this kind of crime spree as it were I mean one way to characterize it But then in the final moments the officers had been told twice That he had a gun But he really didn't have a gun Alright, and I think we have to give mr. Warden all the inferences of what his movement was Mr. Warden the officers have one way that they say that mr. Warden behaved but the Mr. Warden says he kind of did a push-up and The officers also think that mr. Warden has been shot because they were told one of the officers Had well there had been shots fired. So they believe mr. Warden had been shot. They've been told twice that he has a gun and He's down on the ground and we have to give him the inference that he did like a push-up. So But now we know that he didn't have a gun so how does all of that factor together How do we analyze those? Those last times in terms of a reasonable officer because it turns out obviously Some of the information that the officers had was not correct and Mr. Warden wasn't armed. He was shot 16 or 17 times and How do we how do we see that to get to your position how do we factor in all those things Sure. Thank you for the question your honor I think we factor in all of those conditions based upon what we knew up to that point and where the information came from That officer Weaver and officer Cowen both believed that mr Warden was armed that information came from their own senior officer who was right there with mr Warden they first heard it over the radio and then they heard it again on scene that mr. Warden is armed with a weapon so they have Information from their fellow officer that mr. Warden is armed. I think that is crucial to this analysis and then moving to There's a disputed fact about how they say Mr. Warden's body was and how mr. Warden says his body was so the officers are not entitled at this stage To have their side of the story about how the body was right? We have to go with mr. Warden side Or is that just a disputed fact that throws this all into that it has to go to trial. I Don't think that's a disputed fact that necessarily requires a trial because we can rely upon what mr Warden actually said as to what he took what took place and Important here is from the perspective of the officers. They're on scene with somebody who they believe is armed with a weapon Okay, and this gentleman. Mr. Warden is now on the ground They're not firing their handguns at somebody who is simply laying there on the ground motionless the only reason the only reason officer Cowen and officer More than they decided to fire their weapons is because those outstretched hands where mr Warden was told to keep his hands Outstretched kind of like a cross position He took those hands and he brought those into the midline of his chest and as he described it It was his intention To do a push-up maneuver because he was concerned that the officers that he knew had weapons drawn that he knew believed he had a gun He was concerned they didn't know he didn't have a gun I get that I get what he's saying But from the officers perspective, they think he has a gun and they he makes that movement without stretched hands To a way that he can easily grab a weapon that might be concealed under his body So how do you distinguish like the case of Cruz be the city of Anaheim in analyzing those facts? Sure, so on Cruz the important distinction that required a jury trial is that it involved the decedent It was brought by the estate There was no testimony by the decedent himself because obviously he had passed away in this situation We have mr Warden's own sworn Deposition testimony that he made that fateful reach that he brought his outstretched hands from that safe position where he was not being fired upon Towards the midline of his body that caused the officers to fear for their safety and the safety of the other people in the residential Excuse me area But I think we can also go a step beyond that your honor is not only did mr Warden testify to that under sworn deposition testimony But he also agreed to stipulated facts in his conviction for violating penal code section 69 Penal code section 69 but part and parcel requires that there are threats or violence or resistance by force of violence by the perpetrator In this case, mr Warden agreed on the record in the criminal court that the basis for his criminal conviction is Contained within the summary as prepared by a detective so Soto Within that summary it states that he was uncooperative with Corporal Williams He began motioning with his hands as if preparing to draw a weapon from his waistband in that summary He stipulates that Corporal Williams gave him multiple commands to show his hands But he continued to make those movements in the area of his waistband causing Corporal Williams to fire that shot Doesn't mr. Warden argue that other objective facts contradict the officers belief that he actually had a gun in his waistband The the only fact that he Testifies to is that when he brought his arms in he made that fateful movement and pushes himself up on the ground and turns Towards the officer is to tell them that he didn't have a weapon That is the disputed fact of what he is saying. He doesn't have a weapon Whereas the Corporal Williams is saying he did have a weapon What is your May I ask the question? What is your best case that supports your position here? Is is Cruz the best case or is there some other case? I? Think I think Cruz and George and Centeno are the three cases that are right on point. They all hold the proposition that it's unquestionably justified To use deadly force on a suspect that you believe is armed and dangerous if they make that Fateful movement if they make that furtive movement and that's exactly what Mr. Warden did when he brought his outstretched hands toward the midline of his body Now the the officers can't speculate as to what he is going to do All they can actually see is that he brought his hands from that safe position Directly to areas where it would be known for an individual to conceal a handgun or a weapon But I wanted to keep going on the Stipulated facts because the stipulated facts in the criminal proceeding don't just relate to Corporal Williams. They didn't stop After Corporal Williams fired that shot and Mr. Warden brought to the ground Importantly within those stipulated facts. Mr. Warden agrees and that he continued to be uncooperative with all three officers And he continued to reach for his waistband when all three officers were there and at that point is that when he was shot by officers Cowan and Weaver He stipulates in that criminal conviction that he was simulating that he had a gun or that he had a weapon. I apologize It's those stipulations that he stuck with in the criminal proceeding because that would turn his criminal conviction upside down It would be absolutely meaningless and that's what the Heck Doctrine is all about That's what judicial estoppel is all about and this is why qualified immunity applies to officers Cowan and Weaver Because Mr. Warden simply cannot establish as a matter of law that he wasn't a threat. He already stipulated to that fact This case isn't Heck barred as to the two officers that you it was it was found to be Heck barred as to the officer on the That prior Confronted him, correct? It's not you're not arguing. It's Heck barred as to these two officers. Are you? I mean, I am and frankly I should have articulated that better in the district court but made that argument within our points and authorities because as To apply qualified immunity to officers Weaver and Cowan You can use that Heck Doctrine principles to establish that he cannot go back on what he stipulated to in the criminal court He shouldn't be allowed to do that He's making two different factual scenarios And if he were allowed to do that, like I said, it turns his criminal conviction of violating Penal Code 69 Up on its head as if it has its it has its meaningless and that's the hallmark of the Heck Doctrine And that's exactly why qualified immunity applies in this scenario He cannot establish as a matter of law that he was not a threat I'm not sure I've seen a case and maybe you can help me on it that where there's an intersection between heck and the qualified immunity analysis I Mean I think you're frankly Yeah, I take your point that you're saying that these are you can't have two versions of the facts, but do you have a case? I Frankly don't your honor And that's why I believe this is a little bit unique is that we can clearly apply heck to officer Williams But it is a bit fuzzy as to whether that actual doctrine applies to Corporal or excuse me officers Weaver and officer Cowan, but those principles do apply There is no reason not to apply it because the consequences are the same if we don't apply those principles Then we come with two juxtaposed Situations where in one court mr. Warden is able to Stipulate that he was a threat in another court He's able to change his mind in his civil case and say he wasn't that turns his entire Criminal conviction of Penal Code 69 upon its head. I think judge Seiler had a question I was just gonna ask He stipulated that he had a gun. Is that what you're saying? No, he stipulated that he was simulating that he had a weapon and he Stipulated that he continued to reach for his waistband Despite the fact that the officers repeatedly told him not to move and to keep his hands out So you're down to about three minutes to honor reserve. I will thank you your honors How was our clock situation Second let me reset here All right, you may proceed Thank you, your honors. The police is the court Brian McComas on behalf of masa warden via the pro bono panel appointment I appreciate everyone's patience today with the technical difficulties errors happen and thankfully unlike on July 23rd 2018 no one will die from an error in the courtroom today But on July 23rd 2018 those errors threatened my client's life with a barrage of bullets I'm going to start with the discussion a heck here because it does not apply to officers Cohen and Weaver Those charges were dismissed That's simple. Well, let me let me let's I think we can jump in because I think we all are pretty factually aware But people may see them differently and thank you for your pro bono work. We appreciate both of you being here, but we appreciate that The Do you concede though, I'm I'm not really necessarily buying that this is heck barred I that doesn't I don't think I'm not buying that But I do think that there's some Water in he in the the argument that you can't you can't say one thing and then later say something completely different and And and get full credit on that but let me let's do you concede that officers Cohen and Weaver could reasonably rely on corporeal Williams statements that mr. Warden had a gun in his waistband and if so, why not? Because it seems like it seems like the case law is if I mean that the officers were told twice by another officer that That he did have a gun and I I'm I am Additionally troubled by the fact that he says in it that your client says in another court proceeding that he was acting like he had a gun so It seems that the case law would indicate that the two officers that shot your client are Entitled to rely on what and that they were told twice that he had a gun Yes, your honor I'm gonna start with the claim that my client says things differently in different courts First of all, he is not a lawyer. His arraignment is where he was pled at. I've never seen that before He's wheeled in from a hospital and please he doesn't know exactly what's going on If you talk to a good lawyer, it explains to you Well, a good lawyer can tell you don't say certain things but all of us know the difference between the truth and a lie That's not you know, the fact that someone gets tricked because they don't have a good lawyer I don't think that means you can back away from something you said And I'm what I'm getting at your honor Is that his lawyer should have explained to him what the elements of penal code 69 are those are divisible I refer the court to manual G 16 Cal 4805 and people versus Atkins These are state cases But the you can violate penal code section 69 with a threat unaccompanied by any physical force And so you can also violate, you know Go 69 by trying to deter an officer from future lawful conduct And what I would have explained to my client is that when you were pleading to this penal code section 69 that is limited to Mr. Williams. Yes, there's a stipulated facts underneath that but they didn't stipulate Specifically to he had a gun which he didn't or he was simulating that he had a gun and my client denies He did that when he has a chance to testify What is the what's in the record? What's in the record? The record of the plea or the record of the so the record of what the stipulated facts are what's in the record? Just simply the police report. We stipulate to the police report and a better attorney would have carved out a better stipulation Recognizing that Cohen and Weaver are not part of the admission to the penal code section 69 I'm going to move on to the claim of a furtive movement that is exactly the type of disputed factual issue that we need a jury to decide and Furtive comes from Furtome But the jury's going to be instructed my understanding If and correct me if I'm wrong because a lot of these don't ever go to trial But my understanding is the jury is going to have to be instructed as to what would a reasonable officer have thought? Not whether it was a furtive move. What would a reasonable they'll they'll hear everything that happened that day Starting with that your client, you know Punched a guy in the face went swimming in his clothes a couple of times had the interchange of the evading arrest There were There and then they're gonna hear all of that and then the jury will be instructed What would a reasonable officer think? Not what you would think right? It's not a reasonable person. It's a reasonable officer, right? Yes, and there's factors for the jury to consider need an amount of force How many gunshots are necessary at this moment after here? We already believe he shot I want to touch on something your honor mentioned the should we reasonably rely on officer Williams? No, we should not hear there is radio calls all day for two different offenses Not one single person reports seeing a firearm. They do report. He's swimming in the Sacramento River I don't know how a firearm works after that There's also evidence in the record that he discards everything in his hands as he's walking up Mary Street from Jenny Creek And so if this officer sees he's got nothing in his hands I think that we don't have to rely on any reports as objective Particularly if you look at Corporal Williams declaration, he says I thought I shot him He says that moment was over. It was an emergency at that moment. It's not till the two officers come up and mr Warden is on the ground. Now. This is important. He says he's on his stomach. Well, it's okay, but let's I Agree, it's in evidence. There was a shot fired and the officers believe that your client has been shot So I think that the office we're not really that's not a disputed fact here. It turns out your client wasn't shot So that was another thing that was wrong. It turns out he wasn't armed and it turns out he wasn't shot, but the officers believed he had been shot is Does that end the inquiry can a person that's been shot not fire a gun anymore? No, that doesn't end the inquiry. I'd encourage the court to look at Zion and Snap it's the other case Jones by Judge Kaczynski Which he encourages and we would tell the jury that officers are supposed to re-evaluate the situation as circumstances Okay on Zion you're mentioning that on the second prong of the qualified immunity your brief focus is on Zion but the facts there seem to be pretty distinguishable because the suspect was disarmed and Incapacitated at the time of the second round of shots in Zion That's not so I don't know if that's a good case for what you're talking about Well, I can appreciate that. The facts are different. They go on to stomp on Zion's head unnecessarily. I'd look at AKH I look at the other cases we cited Torres even a D which involves an Intentional shooting a finding by the jury. Well, my client alleged that in the complaint It was screened out, but we could see that again at trial I wanted I just think you your honor You have to look at this one critical disputed back and he touched on it earlier. Is that mr Warden testified he was laying on his stomach and arms out to a push-up That's far different than reaching for a waistband again, but more importantly there's corroborating evidence My client was shot in his buttocks His tip fib was shattered. These shots are coming from the back and That is a disputed factual issue that a jury from the Eastern District needs to decide and I want to hit this It's really important to me because a quote furtive movement is the exact thing that ended stop-and-frisk in New York City Do you think that the cruise case is the best case involved here or there's a better case for your position? I'm sorry for interrupting your honor I think Cruise case and the foster case are the best for my position because they prove there's no jurisdiction here in light of the factual Disputes we've identified. I have to hit this though. The furtive claim is exactly the type of subjective testimony from an officer that needs to be evaluated by a jury from the Eastern District and That jury needs to be as diverse as the Eastern District so that we have African-american people who understand why it's claimed if you're acting like a thief that's what furtive means you're acting sly These are not things that the African-american community takes lightly These are the reasons why stop-and-frisk stopped in New York and a jury would get it, but it's pretty that Yeah, those things you can mention But your client punched someone in the face was running around acting crazy there was indications he was on on drugs he also you know, he evaded the police officer and He he went into an occupied dwelling. He stole some, you know, someone was there, you know going into an occupied dwelling Even though people like to minimize that but when you go into someone's house Bad things happen people don't think you're there to say hello and to chat about how the weather is so, you know, he had been on a pretty violent crime spree and The officers are entitled to have that in their minds too, aren't they? Yes, your honor, and you know, they shot Garner going over a fence because he committed a burglary at night My client didn't do a home invasion with her gun. The client wasn't even seen in the house with another person I don't believe and I agree the officers are tracking him on the old rail trail on the Sacramento River Trail and They find him in Mary Creek and they do Believe they have probable cause at that point to make an arrest the question though is the reasonableness Of the amount of force used and I'd like your honors to consider. Is it reasonable a shot to? Is it reasonable a shot for I mean what number does it become unreasonable to continue to pump a man full of bullets? You think the quality of the quantity of the fires? Shots fired from the pistol is a big factor here In other words if the officer just shot him one time that would be different than what they did Absolutely, your honor and think of it like this They're claiming lethal force one shot would have done it when they missed and continue firing My clients screaming Jesus saved me and it's clear He's not able to fire a weapon because he is under so many bullets And these are shattering on the ground putting shrapnel all over him and he is telling them I don't have a firearm at the minimum. I'd expect an objective officer to consider that back especially when it proves true There is can you tell me about I noticed in the record before he had counsel and He filed this He never filed and he never filed a list of undisputed facts and that the judge basically did it for him I think the other side asked to Have it. I mean generally if you don't if you don't do things, that's the end of it It looks like he had a little help here. I Wish you had the help from an attorney your honor. I'd like you to look at EOR 47 That is a note for my client And there's several of these notes that due to the COVID-19 There's no way here in prison to give a copy of the motion to defend us because I have no access to the law library I mean he filed these over and over again Because he doesn't have an ability to do anything on himself And if you really expect my uneducated client who is going he's in a he files this from a health care prison To understand he needs to file disputed factual issues without an attorney Well, that's why we have standards that recognize leniency for pro bono or pro per plaintiffs. I Really think that we should look at these because I heard That my client made a faithful reach that justified the shots No, he talked I talked his arms here and he had already fallen and I hope that objective officer could see that when he fell There was no gun that fell out below him. There was no effort to pull a gun out of his chest And they're confusing two incidents the first incident with mr. Williams argument be different Okay let's say if the officers had would in your view if the officer said for each side fired one shot would Would would you still say that was too much? Maybe that would be objective. They each took a shot. Maybe they could have tried well No, but what's been your argument in this case? You're arguing they can't take any shots, right? But then if are you arguing they took to me what are you arguing I'm arguing I need a chance at trial to prove which shot exactly Started the unreasonable. Well, okay, but if we if we apply the law the information that the officers had I Guess I'm are you saying they could have each taken one shot based on what they knew at that time Based on the the movement that your client made They could have taken one or are you saying they just couldn't take the number or you saying they couldn't take any or what? What is your argument? Well, I'm not I'm not gonna argue against the Penal Code 69 with Williams at this point So I'll let that be clear. But as the other two officers, yes, your honor. I believe that de-escalation Clearly, this is a mentally ill person who they knew or thought was on drugs and to resort to the most lethal form 17 times over is unreasonable when you have pepper spray canines pain compliance techniques All types of lesser a dog out there I'm not sure but I'm just naming some remedies right now or lesser options These are all things that I need a chance to depose these officers about and I have one critical fact Also for you is that it does not appear that we have a declaration from officer cone So I don't even know if the officers dispute each other what I'd like is a chance to oppose these officers but I think is right is we need a Trial for a genuine dispute of facts and I don't think there's jurisdiction here because of the number of disputed factual issues So I'm going to ask that the court Remand this with instructions to grant my motion De-certify this appeal to find that there's no jurisdiction to deny qualified immunity and to deny this hybrid heck claim that lacks support in And I'll rest unless the court has more questions Thank you counsel. Thank you And I think our timer is now working. So we'll put three minutes on for a bottle Counsel can you respond to that? I want to focus on that. Can you respond is To the number of shots. I'm not really I'm trying to get my arms around the argument here that in my mind it basically distills The way I'm analyzing it is what did the officers know at the time? that That mr. Cowan did the push-up but is Is if what about the number of shots? I'm hearing that more articulated. What what what would you say about that? Sure, I think it's second-guessing in hindsight The officers perspective I'm trying to use that 20-20 hindsight and implant our own views into what the officers on the scene in an intense situation here and As I understand the case law your honor, you're not limited to one shot reassess Shoot one more time reassess you're entitled to be able to shoot until the threat is Extinguished and that's exactly the case law at the time that this so just a record show what kind of weapons they had I mean did they basically unload their magazines or what just is there anything in the record that I can look at on that? Sure, and each each officer officer Cowan officer Weaver submitted declarations in the summary judgment motion They're out next to close to mr. Warden. They each have their handguns drawn at that point knowing that force had been used previously There was no dog They would have to have holstered their their handguns to even find pepper spray if they had it There's nothing in the records to indicate that they had those less lethal options available to them They already tried the verbal commands and they tried repeatedly and clearly with those verbal commands But mr Warden just simply ignored them and what's what's what's scary about the arguments that I have heard this morning that You can't rely on what a fellow officer has told you that scares me because that puts the officers that puts the public All in a game of Russian roulette with a known suspect that has violent tendencies and who those officers Firmly believe is armed with a weapon The law doesn't require the officers or the public to be sitting ducks to somebody who is that? Dangerous, right, but he was the law on point that says I think to judge Callahan's point He was shot by his own testimony 16 or 17 times That's I think disputed perhaps, but if that's so Then even if we get beyond the first round of shots, that's a lot of that's a lot of shots being fired for somebody who's made a Movement like this. I mean it seems to me the question is did the movement Was it furtive? Would a reasonable officer have have responded to it as a threatening move or not and the district court seemed to think that was a Genuine there was a genuine issue of material fact about that. The second one was the use of that many rounds I mean those those seem to be the disputed facts at issue Even crediting that they thought he had a weapon Sure and I can go back and look at it was Zion Where the court considered two different rounds of shooting in that first round that officer unloaded nine rounds into that gentleman There are other cases like tan lamb where there was a initial shooting and and it was a second shot. That was the issue So, I guess the your position is Once there's a if you can justify a furtive movement, you can fire as many rounds as are necessary My position is is to that they are able to file as as many rounds as necessary To have the threat ceased and there is no evidence to show that the threat stopped immediately after the first second or third round Very good Your time has expired unless there are further questions. So thank you both for your arguments this morning and It's an interesting case and and we will deliver it on it. Thanks again. Sorry for the technical difficulties Thank you, no problem. Thank you for your time
judges: Siler, THOMAS, CALLAHAN